UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY WELFARE FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER LOCAL 669 UA EDUCATION FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY PENSION FUND, )
TRUSTEES OF THE SPRINKLER INDUSTRY )
SUPPLEMENTAL PENSION FUND AND THE )
INTERNATIONAL TRAINING FUND )
8000 Corporate Drive )
Landover, MD  20785, )
)
                              Plaintiffs, )
)
                   v. ) C.A. NO.
)
ADVANCED FIRE PROTECTION, INC. )
24 High Trail )
St. Peters, MO  63376 )
)
Serve:   James R. Campbell, Registered Agent )
           24 High Trail )
           St. Peters, MO  63376 )
)
                              Defendant. )

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

### PARTIES

1.     Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund and Trustees of the International Training Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement

Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Sprinkler Fitters Local Union No. 669 and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2. The Defendant Advanced Fire Protection, Inc. is a corporation existing under the laws of the State of Missouri with offices located in Missouri. Defendant transacts business in the State of Missouri as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION

3. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement, and an action for breach of a Settlement Agreement and Promissory Note.

## COUNT I

4. Defendant is signatory to a Collective Bargaining Agreement with Sprinkler Fitters Local Union No. 669 requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

5. Defendant employed certain employees covered by the Collective Bargaining Agreements during the months of January 2010 through the present.

6. Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7. Defendant has failed to pay complete contributions in the amount of $1,184.08 due to Plaintiff Funds for the month of July 2008. Pursuant to the terms of the Collective Bargaining Agreements, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

8. Pursuant to the terms of the Defendant's Collective Bargaining Agreement with Local Union No. 669, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Funds.

9. In 2012, the NASI Funds' auditor performed an audit of the Defendant's wage and payroll records covering the period of January 1, 2010 through March 31, 2013. Said audit revealed contributions due and owing to the Plaintiff Funds by the Defendant in the amount of $19,959.81.

10. Defendant's contributions on behalf of its sprinkler fitter employees for the months of October 2011, December 2011, March 2012 through August 2012, October 2012, January 2013 through March 2013 and May 2013 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

11. Defendant partial contributions owed on behalf of its sprinkler fitters employees for the month of July 2008 and contributions as revealed owed by the wage and payroll audit of the Defendant's records for the period of January 1, 2010 through March 31, 2013 are late.

12. Pursuant to the Trust Agreements and the Guidelines for Participation in the NASI Funds, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

(1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

(2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

(3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

13. Pursuant to this provision, Defendant is obligated to Plaintiff NASI Funds in the amount of $29,417.09 for liquidated damages assessed on the late contributions for the months of July 2008, October 2011, December 2011, March 2012 through August 2012, October 2012, January 2013 through March 2013, May 2013 and as revealed owed by a wage and payroll audit of the Defendant's records for the period of January 1, 2010 through March 31, 2013, plus interest at the rate provided in the Trust Agreements, the Guidelines and 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment for Judgment against the Defendant as follows:

A. In the amount of $21,143.89 for contributions owed for the month of July 2008 and as revealed owed by the audit of Defendant's wage and payroll records for the period of January 1, 2010 through March 31, 2013, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

B. In the amount of $29,417.09 for liquidated damages assessed on late contributions for the months of July 2008, October 2011, December 2011, March 2012 through August 2012, October 2012, January 2013 through March 2013, May 2013 and as revealed owed by

a wage and payroll audit of the Defendant's records for the period of January 1, 2010 through March 31, 2013, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

C.  For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

D.  For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of September 2013, a copy of the foregoing Complaint was sent by certified first class mail, postage prepaid to:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
    Plan Benefits Security

/s/<br>
Charles W. Gilligan

235425_1.DOC